UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN G. CROWLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>U.S. BANKRUPTCY COURT, DISTRICT OF NEVADA, the Hon. BRUCE T. BEESLEY presiding, SENECIA BURKE, creditor, real party in interest,<br><br>　　　　Respondents. | 3:12-cv-647-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is Petitioner Martin Crowley's Emergency Motion for Writ of Mandamus/Prohibition and Request for Immediate Stay (#1).

**BACKGROUND**

According to the motion, Crowley is a Chapter 13 debtor. (Emergency Mot. (#1) at 2). Senecia Burke is a creditor who filed an application for a debtor's exam. (*Id.*). In response, Crowley filed a motion for a protective order. (*Id.*). Without waiting for a hearing on the protective order, the bankruptcy court clerk's office issued the order granting the debtor's exam. (*Id.*). Burke served Crowley with a subpoena to provide at the time of the exam "an extensive list of personal and business documents numbering in hundreds of pages." (*Id.*).

According to the motion, on December 7, 2012, the bankruptcy court held a hearing[1] on the motion for protective order. (*Id.*). The bankruptcy court denied the motion for a protective order, stating in effect, "You filed for bankruptcy, you have to be subject to

---

[1] There are no transcripts or minutes of this hearing in the bankruptcy docket. (*See generally* Bankruptcy Docket, case no. 12-bk-51908-btb).

examination, motion denied." (*Id.*). The bankruptcy court refused to listen to any of the legal arguments or facts that Crowley[2] had to provide. (*Id.* at 3). The bankruptcy court also refused to address the issue of the vast extent of the documents demanded in the subpoena or to consider limiting the production to a more reasonable set of documents. (*Id.*).

Crowley's motion for protective order, filed on October 19, 2012, in bankruptcy court, stated that Burke's examination was for the purpose of abuse and harassment. (Mot. for Protective Order (#1-1) at 8, 10). Crowley argued that Burke did not show any purpose in the proposed debtor's exam. (*Id.* at 10). Crowley asserted that Burke appeared to be retaliating because he filed for bankruptcy. (*Id.*).

## DISCUSSION

Crowley requests that this Court issue a writ of mandamus/prohibition directed to the Bankruptcy Court to suspend an examination of debtor under Bankruptcy Rule 2004 scheduled for December 12, 2012 at 12 p.m. (Emergency Mot. (#1) at 1).

Pursuant to 28 U.S.C. § 1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Ninth Circuit has held that a district court lacks authority to issue a writ of mandamus to a bankruptcy court and to another district court. *Mullis v. U.S. Bankrupty Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987). As such, the Court denies the Emergency Petition for Writ of Mandamus/Prohibition and Request for Immediate Stay (#1) because this Court lacks the authority to grant the requested relief.

///
///
///
///

---

[2] Crowley appeared with counsel at this hearing but because counsel was ill Crowley, a practicing bankruptcy attorney, presented his own arguments. (Emergency Mot. (#1) at 2).

2

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Emergency Petition for Writ of Mandamus/Prohibition and Request for Immediate Stay (#1) is DENIED because this Court lacks authority to grant the requested relief.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 11 day of December, 2012.

*[signature]*
United States District Judge
acting for Judge Robert Clive Jones