# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN G. CROWLEY,<br><br>    Petitioner,<br><br>v.<br><br>U.S. BANKRUPTCY COURT, DISTRICT OF NEVADA, the Hon. BRUCE T. BEESLEY presiding, SENECIA BURKE, creditor, real party in interest,<br><br>    Respondents. | 3:12-cv-647-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is Petitioner Martin Crowley's Request for Reconsideration of Order Dismissing Petition (#8).

## BACKGROUND

On December 11, 2012, Crowley filed an emergency motion requesting that this Court issue a writ of mandamus/prohibition directed to the Bankruptcy Court to suspend an examination of debtor under Bankruptcy Rule 2004 scheduled for December 12, 2012 at 12 p.m. (Emergency Mot. (#1) at 1). This Court denied the motion on grounds that this Court lacked the authority to grant the requested relief pursuant to *Mullis v. U.S. Bankrupty Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987). (Order (#4) at 2). This Court found that *Mullis* stated that a district court lacks authority to issue a writ of mandamus to a bankruptcy court and to another district court. (*Id.*).

The pending motion for reconsideration now follows.

## LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should

reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## DISCUSSION

Crowley files a motion for reconsideration. (Mot. for Reconsideration (#8) at 1). Crowley argues that *Mullis* was a case that dealt with a 42 U.S.C. § 1983 suit and that *Mullis* may prohibit a writ directed from one district court to another district court but not from one district court to a bankruptcy court in the same judicial district under 28 U.S.C. § 158. (*Id.* at 1-2). Crowley argues that if a district court of the same district as a bankruptcy court has direct appellate authority and can hear interlocutory appeals on the bankruptcy court's orders, then it has the authority to issue writs to the same court. (*Id.* at 2).

In response, Burke argues that there is no appealable order for this Court to review because Rule 2004 orders are discovery orders and are not final. (Opp'n to Mot. for Reconsideration (#9) at 1). Burke also asserts that Crowley has not satisfied any of the factors for an interlocutory appeal. (*Id.* at 2). Burke contends that, with respect to seeking a writ of mandamus, *Mullis* controls. (*Id.* at 3).

As an initial matter, this Court notes that Crowley filed a petition for a writ for mandamus and not an appeal or an interlocutory appeal. This Court denies the motion for reconsideration. *Mullis* states "were the district court to grant the injunctive relief appellant here requests, it would in essence be issuing a writ of mandamus to the bankruptcy court and the district court in the underlying proceeding . . . A district court lacks authority to issue a writ of mandamus to another district court." *Mullis*, 828 F.2d at 1393. This Court notes that the Ninth Circuit, in an unpublished opinion, has interpreted *Mullis* the same way that this Court

does. *See Ayrs v. Greenwald*, 21 F.3d 1111, *1 (9th Cir. 1994) (unpublished) (holding that the Ninth Circuit has "recognized that a district court lacks the authority to issue a writ of mandamus to a bankruptcy court and consequently to another district court" pursuant to *Mullis*). As such, this Court does not find that it committed clear error in the initial decision and the Court denies the motion for reconsideration (#8).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petitioner's Request for Reconsideration of Order Dismissing Petition (#8) is DENIED.

DATED: This 12 day of December, 2012.

_____
United States District Judge
acting for judge Robert C. Jones